# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Kenneth L. Hobbs,** | **Case No. 1:19cv1729** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Alexandra Colon,** *et al.***,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

## Background

*Pro se* plaintiff Kenneth L. Hobbs has filed an *in forma pauperis* complaint in this matter against Cuyahoga County Probation Department Officer Alexandra Colon, the Cuyahoga County Passages Father's Initiative Program, the Cuyahoga County Jail "Medical" Department, MetroHealth Clinic, and the Cuyahoga County Child Support Enforcement Agency (CSEA). (Doc. No. 1.) With his complaint, the plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted.

Although the plaintiff's allegations are unclear and difficult to parse, he complains about treatment he received in Cuyahoga County. First, he complains about medical and other treatment he received while he was detained in the Cuyahoga County Jail. He alleges he contracted a MRSA infection in the Jail, and that both the Jail's "medical division" and the "Metro health clinic" failed to treat him for this condition, and for other "documented back problems." (Doc. No. 1 at 7, ¶ 3.) He also generally alleges he was "not fed properly causing loss of weight." (*Id.*)

Second, he complains about being sent by Probation Officer Colon to the Cuyahoga County's Passages Father's Initiative Program. He alleges Colon committed "medical malpractice" and violated his constitutional rights by sending him, "a[n] injured man," to the program. (*Id*. at ¶ 1.)

Finally, he alleges, in vague and purely conclusory terms, that the CSEA provided "false records" regarding his child support, "adding victicous [sic] arrears and over charging with false amounts" and resulting in injuries to him. (*Id*. at ¶ 4.)

Asserting constitutional rights and other unclear "Policy" violations, the plaintiff seeks monetary and punitive damages.

**Standard of Review**

Because the plaintiff is proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915(e)(2)(B). That statute requires federal district courts to screen all *in forma pauperis* actions, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiffs proceeding *pro se* must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a *pro se* "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*,

2

550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Discussion**

Upon review, the Court finds that the plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B).

A plaintiff may recover damages for constitutional rights violations under 42 U.S.C. § 1983 only when he demonstrates that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002). The plaintiff's allegations even liberally construed are insufficient to support a plausible claim against any defendant in this case under § 1983.

First, the plaintiff has no plausible claim under § 1983 against the various county agencies and departments he purports to sue. Agencies and departments of Cuyahoga County are not *sui juris* and cannot be sued under § 1983 in their own right. *See, e.g, Loper v. Cuyahoga County Children and Family Services*, No. 1:18 CV 1598, 2019 WL 1597552, at *2 (N.D. Ohio, April 15, 2019) (citing cases). Accordingly, the plaintiff has no cognizable claim for relief against the "Cuyahoga County Passages Father's Initiative Program," or the Cuyahoga County CSEA. Nor does the plaintiff have a cognizable claim against either the Cuyahoga County Jail's "medical division" or its "Metro health clinic." State prisons' "medical departments are not 'persons' [subject to suit] under § 1983." *Hix v. Tenn. Dept. of Corrs.*, 196 F. App'x 350, 355 (6th Cir. 2006).

To the extent the plaintiff wishes to hold Cuyahoga County liable for the medical or other treatment to which he alleges he was subjected, he must demonstrate that a "policy or custom" of the

3

County itself caused a violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The plaintiff's vague and conclusory allegations, however, are insufficient to support a plausible inference that an unconstitutional policy on the part of Cuyahoga County itself "caused" the conduct of which he complains, or a violation of his rights.

Further, the plaintiff's allegations are insufficient to suggest a plausible constitutional deprivation. His allegations that CSEA provided "false records" and charged him "false amounts" in connection with child support are purely conclusory and insufficient to suggest his constitutional rights were somehow violated in connection with a child support determination. Nor has the plaintiff alleged a plausible claim relating to his treatment or medical care. The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but in order to demonstrate that a prison condition rises to the level of cruel and unusual punishment within the meaning of the Eighth Amendment, a prisoner must demonstrate objective and subjective components. *Green v. Martin*, 18 F. App'x 298, 300 (6th Cir. 2001). He must demonstrate that he was subjected to a sufficiently serious prison condition, and that a prison official subjectively acted with deliberate indifference to it. *Id.* He must show that a prison official "knows of and disregards an excessive risk to [his] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The plaintiff has not set forth allegations sufficient to give rise to a plausible inference that any prison official, or member of the prison's medical staff, was deliberately indifferent to his health or safety needs. The plaintiff's general allegations that the Jail's "medical division" and the "Metro

4

health clinic" failed to treat him for a MRSA infection and for back problems are insufficient to support a plausible deliberate indifference claim. And the allegations the plaintiff makes with respect to Probation Officer Colon suggest, at the most, that she committed "medical malpractice" or acted negligently by sending him to the Father's Initiative Program. It is well established that negligence, or "medical practice" as he alleges with respect to defendant Colon are insufficient to support a deliberate indifference claim. *See, e,g, Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012).

### Conclusion

For the reasons stated above, the plaintiff's complaint fails to state any plausible federal claim on which he may be granted relief and is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

*s/ Pamela A. Barker*
PAMELA A. BARKER
Date: November 5, 2019                              U. S. DISTRICT JUDGE